70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ian David McAUSLIN, Underwriter at Lloyd's of London,
Plaintiff-Appellant,
v.
FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota corporation,
Defendant-Appellee.
 No. 94-15309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Nov. 30, 1995.
 MEMORANDUM*
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD, Senior District Judge.[1]
 
 
 2
 McAuslin, a Lloyds "name", appeals the summary judgment in favor of Federated Mutual Insurance Company in a contest between insurers arising when certain logging machinery was covered under separate policies insuring the owner and the lessee against loss or damage. The district court concluded that the indemnification provisions in the lease agreements between the owner and the lessee control. We affirm.
 
 
 3
 The indemnification provisions require McAuslin's insured to indemnify Federated's insured for damage to logging machines that were the subjects of the lease agreements.
 
 
 4
 The principal issue before the district court was whether the indemnification provisions in the lease agreements were superseded by California Insurance Code Secs. 590 and 591. That statute is intended to resolve disputes where double coverage exists. In this case, we need not determine whether in fact there is statutory double coverage because the insurance indemnification provisions contained in the lease agreements were bargained for and were part of the consideration for the leases.
 
 
 5
 California law has consistently upheld such indemnity provisions in order to give both parties to an agreement the benefit of their bargain. See, e.g., Rossmoor Sanitation, Inc. v. Pylon, Inc. 13 Cal.3d 622, 634, 119 Cal.Rptr. 449 (1975) (to apportion the loss in this case [according to an equitable contribution scheme] would effectively negate the indemnity agreement [that was bargained for] as part of the consideration for the [contract between the parties]."). Sections Secs. 590 and 591 do not impede the parties' ability to bargain for indemnification agreements as part of the consideration for a contract. The equitable contribution scheme was designed to resolve a true double coverage problem, not to rewrite the indemnity provisions of leases.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Honorable James M. Fitzgerald, Senior United States District Judge for Alaska, sitting by designation